NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000455
17-MAY-2024
08:13 AM
Dkt. 52 SO

NO. CAAP-23-0000455


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


STATE OF HAWAI‘I, Plaintiff-Appellant,
v.
SHAYE KAHEALANI PACHECO SAFFERY, also known as
SHAYE K. PACHECO SAFFERY, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-23-0000082)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Plaintiff-Appellant State of Hawai‘i (**State**) appeals

from the "Findings of Fact, Conclusions of Law, and Order

Granting Motion to Suppress" (**Suppression Order**), entered by the

Circuit Court of the Second Circuit (**circuit court**)[1] on July 5,

---

[1] The Honorable Kelsey T. Kawano presided.

2023, and from the "Order Dismissing Case Without Prejudice" (**Dismissal Order**), entered by the circuit court on July 7, 2023.

Defendant-Appellee Shaye Kahealani Pacheco Saffery (**Pacheco Saffery**) was indicted in February 2023 on the following counts: (1) Attempted Promoting a Dangerous Drug in the First Degree, in violation of Hawaiʻi Revised Statutes (**HRS**) §§ 705-500 (2014) and 712-1241(1)(b)(ii)(A) (Supp. 2016); (2) Promoting a Dangerous Drug in the Second Degree, in violation of HRS § 712-1242(1)(b)(i) (Supp. 2016); (3) Prohibited Acts Related to Drug Paraphernalia, in violation of HRS § 329-43.5(a) (2022); and (4) Promoting a Detrimental Drug in the Third Degree, in violation of HRS § 712-1249(1) (2014).

In May 2023, Pacheco Saffery filed a Motion to Suppress Evidence (**Motion to Suppress**), alleging the illegal seizure of her vehicle and moving for the suppression of all evidence resulting from the illegal seizure. The evidence that Pacheco Saffery sought to suppress included: (1) "[a]ll physical evidence seized from [Pacheco Saffery's] person or vehicle as a result of the unlawful detention/search/seizure"; (2) "[a]ll observations made by law enforcement as a result of the unlawful detention/search/seizure, including but not limited to any observations of the appearance of [Pacheco Saffery] or that of her vehicle, the contents therein, and subsequent searches and chemical test results"; and (3) "[a]ll statements made by [Pacheco Saffery] after the unlawful detention/search/seizure."

The State opposed the Motion, contending that Pacheco Saffery was lawfully arrested, and that the seizure of her vehicle prior to issuance of a warrant was lawful due to exigent circumstances.

Following a hearing in June 2023, the circuit court granted the Motion to Suppress. The circuit court subsequently dismissed the case without prejudice in July 2023.

The State appealed. Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the State's point of error as follows.

The State specifically contends on appeal that the circuit court erred by granting Pacheco Saffery's Motion to Suppress because "sufficient evidence of exigent circumstances existed in the record to support the warrantless seizure" of the vehicle. The State specifically challenges conclusions of law (**COL**) 5-7 of the Suppression Order. These COL provide,

> 5.   Here, there were no specific grounds articulated to justify a finding of exigent circumstances. The vehicle was locked. Officer Sugiyama had the key. The two passengers had left the area on foot. There were four officers available. A search warrant could be obtained in under two hours.
>
> 6.   In the absence of exigent circumstances, a warrant was required to seize the vehicle. Because the warrant was not obtained until later, all evidence obtained as a direct or indirect result of the initial seizure must be suppressed. Therefore, all evidence found within the vehicle must be suppressed.
>
> 7.   The defendant's incriminating statement when confronted with the evidence found in her vehicle must also be suppressed. "[T]he 'fruit of the poisonous tree' doctrine 'prohibits the use of evidence at trial which

3

> comes to light as a result of the exploitation of a previous illegal act of the police.'" State v. Fukusaku, 85 Hawai'i 462, 946 P.2d 32 (1997), quoting State v. Medeiros, 4 Haw.App. 248, 251 n.4, 665 P.2d 181, 184 n.4 (1983). "[A] waiver of one's constitutional rights or a confession, even if uncoerced and intelligently given, will be inadmissible if induced by a prior illegality." *State v. Lopez*, 78 Hawai'i 443, 453, 896 P.2d 889, 909 (1995). Inculpatory statements made in response to interrogation regarding evidence which resulted from an illegal search or seizure is the fruit of the poisonous tree and must be suppressed. *State v. Poaipuni*, 98 Haw. 387, 394, 49 P.3d 353, 360 [(2002)]. Therefore, all evidence obtained subsequent to the warrantless seizure must be suppressed.

(Internal citations cleaned up).

A trial court's ruling on a motion to suppress is reviewable *de novo*, under the right/wrong standard. State v. James, 153 Hawai'i 503, 510, 541 P.3d 1266, 1273 (2024) (citing State v. Hewitt, 153 Hawai'i 33, 40, 526 P.3d 558, 565 (2023)). To the extent that the circuit court's COL 5, 6, and 7 present mixed questions of law and fact, they are reviewed for clear error. State v. Rapozo, 123 Hawai'i 329, 336, 235 P.3d 325, 332 (2010) ("[A] conclusion of law that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case.") (citation omitted).

It is undisputed that the police seized Pacheco Saffery's vehicle prior to the issuance of a search warrant. "It is well established that warrantless searches and seizures of items within a constitutionally protected area are 'presumptively unreasonable unless there is both probable cause and a legally recognized exception to the warrant requirement.'"

State v. Phillips, 138 Hawai‘i 321, 336, 382 P.3d 133, 148 (2016) (quoting State v. Bonnell, 75 Haw. 124, 137, 856 P.2d 1265, 1273 (1993)).  "An automobile search without a warrant . . . would not be constitutionally proscribed where the search is conducted as an incident to a proper arrest, or, assuming the existence of probable cause, where exigent circumstances are present." State v. Elliott, 61 Haw. 492, 494-95, 605 P.2d 930, 932 (1980) (internal citations omitted).  At issue is whether exigent circumstances justified the warrantless seizure that led to the search.

Elliott instructs that the term "exigent circumstances,"

> is incapable of precise definition, and [] each case must be decided on its own facts.  At the very least, however, there must be a showing that at the time of the warrantless search and seizure there was probable cause to search; and that the police had reason to believe that because of the car's mobility or exposure, there was a foreseeable risk that it might be moved or that the evidence which it contained might be removed or destroyed before a warrant could be obtained.

Id. at 496, 605 P.2d at 933 (internal citations omitted).

Officer Sugiyama, the officer who authorized the seizure and search of Pacheco Saffery's vehicle, was the sole witness that testified at the hearing on the Motion to Suppress. Officer Sugiyama testified that, in addition to himself, there were three other officers assisting in Pacheco Saffery's arrest. Officer Sugiyama further testified that he did not mention, in his report, the two women who had approached the vehicle as it

5

was being secured. When questioned about this omission, Officer Sugiyama stated, "I just felt -- it was really brief, and I just didn't put it in my report." Officer Sugiyama further testified that, to secure the vehicle, "[he] obtained [Pacheco Saffery's] vehicle keys, and the vehicle just remained as it was." At which time, "[he] stood by waiting for the tow."

With regard to the length of time it took to obtain the search warrant, the record reflects,

> Q [by defense counsel]. So on the night of -- of this incident, you had -- you had a K-9 search at 2009, correct, which is 8:09 p.m.?
>
> A [by Officer Sugiyama]. Correct.
>
> . . . .
>
> Q. And by 2159 [9:59 p.m.], you already had the warrant in hand, correct?
>
> A. Correct.

On this record, we conclude that COL 5 and 6 were not clearly erroneous. We further conclude that the circuit court did not err, in its COL 7, in suppressing the "incriminating" statement that Pacheco Saffery made to Officer Sugiyama that arose out of the unlawful seizure of the vehicle. State v. Fukusaku, 85 Hawaiʻi 462, 475, 946 P.2d 32, 45 (1997) ("As for the suppression of derivative evidence, the fruit of the poisonous tree doctrine prohibits the use of evidence at trial which comes to light as a result of the exploitation of a previous illegal act of the police.") (cleaned up). COL 5, 6, and 7 are thus supported by the circuit court's findings and the

6

record evidence.  Given the above, the circuit court did not err in dismissing this case without prejudice.

The circuit court's July 5, 2023 Suppression Order, and July 7, 2023 Dismissal Order are affirmed.

DATED: Honolulu, Hawaiʻi, May 17, 2024.

On the briefs:

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

Seth Patek,
Deputy Public Defender,
for Defendant-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge